Harry B. CHARAL and Ehud Hubner, on behalf of themselves and all others similarly situated, and derivatively on behalf of Franklin Mint Corporation

v.

Charles L. ANDES, Michael C. Boyd, Henry W. Broido, Jr., Donald C. Carroll, Nelson B. Colton, James M. Doyle, Jr., Gerald C. Dragonetti, David R. Dustin, Orville L. Freeman, Brian G. Harrison, Norman Klauder, Stanley Merves, Gilroy Roberts, Donald F. Smith, Martin F. Walsh, John C. Whitehead, Donald S. Winograd, Franklin Mint Corporation and Price Waterhouse & Company and Franklin Mint Corporation, for purposes of the derivative action.

Civ. A. Nos. 77–1725, 78–1610.

United States District Court, E. D. Pennsylvania.

Oct. 29, 1980.

David Berger, Philadelphia, Pa., Jules Brody, Richard B. Dannenberg, New York City, for plaintiffs.

Matthew J. Broderick, John G. Harkins, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the plaintiffs' petition for counsel fees and reimbursement of litigation and administration costs. For the reasons stated below, the petition will be granted.

This petition marks the culmination of three years of securities litigation, the substance of which was settled by stipulation. This settlement established a plaintiff–class of purchasers of stock in the Franklin Mint Corporation and a settlement fund of $6,100,000 [1] has been created.

This litigation consisted primarily of allegations that the Franklin Mint Corporation, various officers and directors of the corporation, as well as its auditors (Price Waterhouse & Company), fraudulently misrepresented the corporation's financial position from September 1, 1976, through June 16, 1977, in violation of Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 promulgated thereunder. Extensive discovery was engaged in; however, the case was settled before trial.

It is well established in this and other circuits that counsel in a class action which results in a fund for the benefit of the class will be entitled to a reasonable fee. *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 165 (3d Cir. 1973) ("*Lindy I*"); *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102, 110 (3d Cir. 1976) ("*Lindy II*"). The familiar analytical approach adopted in these cases requires the Court to establish a "lodestar" amount based upon the number of hours reasonably spent in the prosecution of the class claim multiplied by a reasonable hourly rate. *Lindy I, supra,* 487 F.2d at 167. This figure may then be adjusted, depending on various factors–such as the contingent nature of the case and the quality of the work performed by class counsel. *Id.*

In support of their petition, counsel have submitted extensive records as to the manner in which time was invested in the prosecution of the case. These hours total over 10,000 hours and reflect time invested by partners, associates and supporting paraprofessionals. Based upon considerations of the massive discovery effort undertaken, the complexity of the legal and factual issues involved and extensive settlement negotiations engaged in, the Court finds the total hours spent to be reasonable. The Court notes that duplication of effort appears to have been avoided in that plaintiffs' counsel made extensive use of paralegal hours equalling 4,172 hours out of a total of 10,555.

1. A cash fund of $6,000,000 was created and defendant Price Waterhouse & Company agreed to provide accounting services for the administration of the settlement. Counsel have represented, and the Court so finds, that the value of these services is approximately $100,-000.

Counsel have also submitted an outline of suggested hourly rates which range from $250 per hour for several named partners to $55 for time spent by junior associates. While an extensive and detailed analysis of the reasonableness of each rate will not be engaged in here, the Court finds these rates to be reasonable for several reasons: First, this litigation involved a highly specialized area of the federal securities laws, as well as esoteric aspects of accounting. However, counsel in this case *are* highly experienced in securities litigation and have enjoyed nationwide respect in this area. Second, counsel have seemingly avoided excess use of partners' time and have avoided needless expenditure of time–such as discovery skirmishes and unnecessary motions. Accordingly, the lodestar figure will be established at $923,200.

The next step is for the Court to apply a multiplier to the lodestar figure to reflect the contingent nature of the case. While it might be argued that all litigation carries its concomitant risks, it is not *all* such risks which will be offset by a multiplier. It is *only* when some *extraordinary* risks are overcome that such a multiplier will be applied. However, in this case, a multiplier is clearly mandated because counsel developed a theory of liability based upon difficult and subtle accounting principles which would have been presented to a jury at plaintiffs' peril if these principles were not adequately distilled and clarified. Nonetheless, after negotiation with able defense counsel, plaintiffs' counsel were able to develop a large settlement fund.

These risks and other factors–such as inflation, the necessity of proving *scienter*, the avoidance of extensive appellate review and the high quality of counsel's work–lead the Court to conclude that a multiplier of 1.5 is proper in this case. Accordingly, a total amount of $1,384,798.50 in counsel fees will be awarded. Counsel have also submitted itemized expenses of $112,425.31 which the Court finds to be reasonable.